Appellee has presented petition for reargument. There is little reason to misapprehend the meaning of the opinion filed. The opinion states: "The absence of the latter averment [mental weakness of Mrs. Freeman] only affects the burden of proof, passing it to the contestant-executrixes to establish undue influence. If it were averred that the decedent's mind was weakened (and this may be done by amendment) the burden rests upon Russell to establish the absence of undue influence, since the confidential relationship is averred." The Court there discussed the sufficiency of the pleadings, the court below having dismissed the petition to vacate. It is, of course, true that the mere averment of mental weakness amounts to nothing of itself except to permit offering testimony on that question. It is the evidence, and not the averments, which affects the burden of proof.
It may also be observed that all questions concerning the burden of proof are to be determined by the court below, and this Court is not to be understood as deciding those questions in limine.
We therefore file this supplemental opinion and refuse reargument. *Page 599